IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES PRESTON SMITH,

        Petitioner,

v.                                     CIVIL ACTION NO.  5:09-cv-01257
                                     (Criminal No. 5:99-cr-00161)

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

On this day, the Court has reviewed the following submissions by Petitioner in this civil action which are titled: Petitioner's "*FRE 201 (Judicial Notice) 28 U.S.C. 1333 S&S Civil 28 U.S.C. § 1331 Federal Question*" (Document 126); "*Pursuant to 28 U.S.C. § 2255 28 U.S.C. 1333 Civil Relief 60(b) Motion*" (Document 131); "*Pursuant to 28 U.S.C. § 2255 Memorandum of Law & 60(b) Motion*" (Document 132); "*28 U.S.C. 2255 Default Motion Pursuant to USC 28 1333*" (Document 133).  By Standing Order entered on November 17, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Document 128).

Magistrate Judge VanDervort has submitted his Proposed Findings and Recommendation ("PF&R") (Document 144), wherein the following findings were made: Petitioner, in his submissions, challenges the validity of his conviction and the constitutionality of the felon in

possession statute; Petitioner has previously filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this district court; Petitioner's claims that the felon in possession statute violates the Second Amendment or the Commerce Clause of the United States Constitution are procedurally barred as matters which were fully considered and rejected on his direct appeal; the instant Section 2255 Motion is a successive proceeding under Section 2255, and Petitioner failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. (PF&R at 8-11.)  As a result, the Magistrate Judge recommends that this Court dismiss Petitioner's Section 2255 Motion as successive (Documents 126, 131, 132, 133) and remove this matter from the Court's docket. (PF&R at 11.)

In the PF&R, the Magistrate Judge also advised Petitioner that he could file objections to his recommendation. The Court has reviewed Petitioner's timely submission. (Objections to Findings and Recommendations Pursuant to the Magistrate Act ("Pet.'s Obj.") (Document 145)).  The Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the PF&R should be adopted.

## I.

On April 7, 2000, in this district, Petitioner pled guilty to possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Thereafter, Petitioner was sentenced to two hundred seven (207) months of  imprisonment, to be followed by a five (5)-year period of supervised release.  Petitioner appealed his conviction challenging, among other things, the constitutionality of the statute under which he was convicted, and contested the applicability of the enhancements provided for by the Armed Career Offender Act.  In an unpublished per curiam opinion decided  September 17, 2001, the United States Court of Appeals

2

for the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Smith*, 18 F. App'x 201 (4th Cir. 2001).   The Circuit Court concluded, *inter alia*, that Section 922(g)(1) does not violate the Second Amendment or the Commerce Clause of the United States Constitution. The Supreme Court of the United States denied Petitioner's writ of certiorari on February 25, 2002. *Smith  v. United States*, 534 U.S. 1165 (2002).

On November 29, 2004, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (*Smith v. United States*, Civil Action No. 5:04-cv-1262).   On December 22, 2005, Petitioner's Section 2255 motion was dismissed as untimely.   Petitioner did not seek appellate review of the dismissal of his Section 2255 motion.

As stated in greater detail in the Magistrate Judge's PF&R, Petitioner has unsuccessfully engaged in extensive post-conviction litigation since the dismissal of his Section 2255 motion. (PF&R at 2-8).   In one of those cases, the assigned District Judge, the Honorable Thomas E. Johnston, determined that a pre-filing injunction was appropriate for this Petitioner. (*Smith v. Hayden*, Civil Action No.5:05-cv-0884, 2009 WL 1543910 (S.D. W. Va. June 2, 2009)).   The June 2, 2009 determination was made after considering the applicable law for such injunctions and the court having found that Petitioner had filed twenty (20) civil actions related to his guilty plea and subsequent sentence, many of which were consolidated and dismissed as time-barred and/or without merit.[1]

---

[1]   Specifically, the pre-filing injunction enjoined Petitioner:

> from filing any actions in the United States District Court for the Southern District of West Virginia without the representation of an attorney licenced to practice in the State of West Virginia and admitted to practice in this Court, unless he has first obtained leave of court to proceed pro se in forma pauperis on the grounds that he is in imminent danger of serious physical injury, or unless he has paid the required filing fee in full.

(continued...)

*II.*

*A.  Standard of Review*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

*B.  Applicable Law*

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code.  A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255

---

[1](...continued)
> [The Court also directed the Clerk of Court] not to accept any additional filings from James Preston Smith without the representation of at [sic] attorney as outlined above, payment in full of the required filing fee, or a showing that he has obtained leave of Court.

*Smith*, 2009 WL 1543910 at *2.

are separate and distinct devices for securing post-conviction relief.[2]  A Section 2241 petition attacks

the manner in which a sentence is executed. 28 U.S.C. § 2241(a). A federal inmate seeking to

collaterally attack the imposition or validity of his federal judgment and sentence is required to bring

a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[3]  *In re Vial*, 115 F.3d 1192, 1194

(4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the

original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which

a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. §

2255(a).  Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed

limitations on the consideration of "second or successive" habeas petitions.  The applicant of such

a petition in the district court must obtain leave to do so from a panel of the Court of Appeals. (*See*

Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court).

Leave may be granted only if the proposed habeas petition contains claims resting on (1) newly

discovered evidence, that if proven and viewed in light of the evidence as a whole, would be

sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to

---

[2]  The Court finds that 28 U.S.C. § 1333, as cited by Petitioner, is not relevant to his request for post-conviction relief.

[3]   Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C.A. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.2003). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." (*Id*. at 205) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.2000)).

## III.

At the outset, the Court finds that this action was initiated on November 11, 2009, five months after the Honorable Thomas E. Johnston determined that a pre-filing injunction was appropriate for this Petitioner. The Court further finds that Petitioner is not represented by an attorney licensed to practice law in this state or this Court, he has not obtained leave to proceed pro se and in forma pauperis on the grounds that he is in imminent danger of serious physical injury, or paid the required filing fee in full. As a result, this Court finds that Petitioner has wholly failed to comply with Judge Johnston's June 2, 2009 pre-filing injunction. This failure alone warrants the denial of Petitioner's motion and the dismissal of the instant action. However, the assigned Magistrate Judge has issued a PF&R in this matter and Petitioner has timely filed objections. Out of an abundance of caution, the Court will, in this instance, consider the Petitioner's submissions although they run afoul of the pre-filing injunction to which Petitioner is bound.

In the PF&R, the Magistrate Judge finds that the nature of Petitioner's claims–that his plea was involuntary and the felon in possession statute violates the Second Amendment and the Commerce Clause of the United States Constitution–reveals that Petitioner is challenging the validity of his conviction and sentence. In his objections, Petitioner does not challenge this finding. Instead, he asserts his disagreement with a review of this matter by a magistrate and continues to challenge his guilty plea, his lack of a jury trial and the constitutionality of the "gun control act."

6

Finally, he states that "a writ of habeas corpus is applicable under the foregoing objections." (Pet.'s Obj. at 2.)      The Court has considered the Petitioner's submissions and finds that while they are all captioned under a variety of titles, including a Rule 60(b) motion for relief from final judgment, the substance of each document contains arguments properly asserted in a Section 2255 motion. There has been a "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir.2003) (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir.2002)); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.")(citation omitted).  Therefore, the Court construes the instant petition and subsequent submissions as a Section 2255 motion challenging the validity of Petitioner's conviction or sentence.  There is no dispute that Petitioner has previously sought post-conviction relief in a Section 2255 motion and that the same was denied on the merits.  Petitioner does not challenge the Magistrate Judge's finding that he is raising a second or successive Section 2255 motion which has not been authorized by the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  Absent such pre-filing authorization, this Court lacks jurisdiction to consider Petitioner's claims.  *Winestock*, 340 F.3d at 205.

Moreover, Petitioner, in his objections and varied submissions filed after the Magistrate's PF&R,[4] essentially maintains his assertions that his guilty plea was involuntary and that his conviction is unlawful.  These assertions amount to general conclusory objections.  This Court need

---

[4]  *See* discussion *infra* Part IV.

not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   However, to the extent that Petitioner maintains a challenge of the constitutionality of Section 922(g)(1),  Petitioner has not demonstrated that there has been a substantive change of the law such that the conduct, of which Petitioner was convicted,  is no longer criminal.   Moreover, to the extent that he asserts that his claims should be properly considered as a Habeas Corpus Petition asserted pursuant to 28 U.S.C. 2241, the Court finds that objection fails.[5]  Petitioner has failed to sustain his burden of demonstrating that Section 2255 is inadequate or ineffective to permit a challenge of his conviction pursuant to Section 2241.

Finally, Petitioner states he has "never agreed to a Magistrate nor will [he]." (Pet.'s Obj. at 1.)  Petitioner seemingly disagrees with the Court's referral of *pro se* prisoner litigation to a magistrate for findings and recommendation.   Such a statement amounts to a complaint about the procedural aspects of *pro se* prisoner litigation.   To the extent that this contention may be deemed

---

[5]   While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an exception under the oft-referenced "savings clause" in Section 2255.  The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]"  *Vial*, 115 F.3d at 1194.  Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).  The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496,  2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective.  *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

a proper objection, the Court finds that it is a general conclusory objection, which does not warrant *de novo* review and it is without merit. Delegation to the magistrate of cases–pressed in the nature of the instant case–does not run afoul of the Constitution as this Court retains its authority to consider the issues under dispute and to accept, reject or modify the magistrate's findings. (*See United States v. Raddatz*, 447 U.S. 667, 680 ("Due process rights . . . are adequately protected by [28 U.S.C.] § 636(b)(1). . . . [T]he district court judge alone acts as the ultimate decision maker, the statute grants the judge broad discretion to accept, reject, or modify the magistrate's proposed findings.")

Therefore, upon review of the Petitioner's objections and the entire record herein, the Court finds that Petitioner's objections are overruled.

## *IV.*

Since filing his objections to the PF&R, Petitioner has filed several additional documents. One of Petitioner's submissions is a duplicate of a document filed by Petitioner in *James P. Smith v. United States*, Civil Action No.5:08-cv-919. (*See* Document 146). In its review of that case, this Court considered Petitioner's submissions, construed his filings as a challenge to the validity of his conviction and sentence under 28 U.S.C. § 2255, and determined that jurisdiction to consider Petitioner's claims was lacking. The United States Court of Appeals for the Fourth Circuit affirmed the ruling.  (*Smith v. United States*, 464 F.App'x 137 (4th Cir. 2012)).  Consequently, additional consideration of this duplicate document is not required.

Moreover on August 4, 2011, Petitioner filed new motions wherein he continues his challenge to the constitutionality of the "gun control act."  (*See* "Non-Statutory Habeas Corpus CR # 5:99-cr-00161-1 28 USC 1333 Violation of Due Process" (Document 148) (Petitioner asserts that

"his conviction for 'mere possession' of a firearm is contra indicated by the Right of the People to keep and bear arms" and discusses the Game Act of 1692); "Ineffective Assistance of Counsel Good Cause & Prejudice" (Document 149) (Petitioner asserts that "all of his so called attorneys" are ineffective for failing to assert the argument that his "'offense' [of conviction] has no basis in fact"; that he has uncovered "newly discovered evidence" of the Game Act showing the "common law history" of the Second Amendment to the United States Constitution" and that there is a new rule of constitutional law), and "28 USC 1333 CV 5:09-01257 Explanatory Text" (Document 150) (Petitioner discusses at treatise on "game laws" and "the Game Act of 1692.")[6] The Court observes that these submissions were filed well after the established deadline for objections to the PF&R in this matter and that Petitioner has not sought to amend his objections with these submissions. However, even if the Court construed these filings as additional objections to the PF&R, the objections are without merit for the reasons previously stated herein.

## V.

In light of the foregoing, the Court **ORDERS** that Petitioner's Objections are **OVERRULED**. The Court lacks jurisdiction to consider Petitioner's Second or Successive Section 2255 Motion absent authorization by the appropriate Court of Appeals. Accordingly, the Court hereby **ADOPTS** and incorporate herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that Petitioner's *Section 2255 Motion* (Documents 126, 131, 132,133) be **DENIED**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28

---

[6] The Court observes that these same documents were filed in Petitioner's underlying criminal matter, *United States v. Smith*, Criminal Action No. 99-cr-00161, as Documents 146-148.

U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Clerk is directed to remove the instant matters from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     July 30, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA